# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

SENITA BROWN,
    *Plaintiff*,

v.

INLAND PROPERTIES LLC,
and VICTOR SEAN LILLY
    *Defendants*.

No. 3:17-cv-01157 (JAM)

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff Senita Brown has filed a complaint *pro se* against defendants Inland Properties LLC and Victor Sean Lilly for violation of her right to free speech under the First Amendment. Because the complaint plainly fails to state a claim under the First Amendment and because this Court would not otherwise have jurisdiction over any state law claim, I will grant defendants' motion to dismiss.

### BACKGROUND

The complaint alleges that on March 7, 2016, plaintiff was hired as a building site manager by Victor Sean Lilly for Inland Properties LLC. In her role as site manager, plaintiff allegedly attempted to enforce the company's "zero tolerance" drug policy within or near the building. Plaintiff asserts that she did so by contacting the Hartford police to remove individuals who did not live in the building and who were suspected of engaging in illegal drug activity. Plaintiff alleges that as the result of her enforcement of the drug policy, defendants wrongfully terminated her without notice or explanation. Additionally, plaintiff alleges that defendants harassed and intimidated her by filing eviction proceedings against her subsequent to the termination of her employment.

1

**DISCUSSION**

The background principles governing a Rule 12(b)(6) motion to dismiss are well established. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless the facts it recites are enough to state plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014). This "plausibility" requirement is "not akin to a probability requirement," but it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Because a court should focus on what facts a complaint alleges, a court is "not bound to accept as true a legal conclusion couched as a factual allegation" or "to accept as true allegations that are wholly conclusory." *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014). In short, the Court's role is to determine if the complaint—apart from any of its conclusory allegations—alleges enough facts to state a plausible claim for relief.

The Court liberally construes the pleadings of a *pro se* party in a non-technical manner to raise the strongest arguments that they suggest. *See, e.g.*, *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 157 (2d Cir. 2017) (*per curiam*). Still, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

Plaintiff alleges that her job termination and subsequent eviction violated her right to free speech under the First Amendment. It is well established, however, that the First Amendment applies only to state actors and not to private parties unless a private party is engaged in state action. *See Cooper v. U.S. Postal Serv.*, 577 F.3d 479, 491 (2d Cir. 2009). Both defendants are private parties and not state actors, and plaintiff has not pled anything suggesting that their activities could be fairly attributable to any governmental authority. *See Grogan v. Blooming*

*Grove Volunteer Ambulance Corps*, 768 F.3d 259, 264 (2d Cir. 2014). Accordingly, plaintiff has not stated a plausible claim for a violation of her rights under the First Amendment.

Because I conclude that plaintiff's complaint should be dismissed on the merits, it is not necessary for me to address defendants' arguments regarding improper service. Moreover, in the absence of any federal law claim and even assuming that plaintiff's allegations might be liberally construed to state a cause of action under state law, this Court would not have subject matter jurisdiction because the complaint makes clear that plaintiff and defendants are all citizens of the State of Connecticut. *See Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) (discussing requirements for federal diversity jurisdiction that the parties be citizens of different states).

## CONCLUSION

For the reasons stated above, the Court GRANTS defendants' motion to dismiss (Doc. #25). The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 6th day of July 2018.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge